By the Court.

It is improper to insert an assignment of errors in the writ of error. It is sufficient to say in the writ that manifest error hath intervened. The errors should be stated in the scire facias to hear- errors.
In the present case, the plaintiff in error cannot be relieved. It cannot appear to us, that the note, a copy of which is sent up with the record, was the note on which the action was brought. But at any rate, it was merely evidence; and the defendant should have objected to its admission at the trial. If his objection had been overruled, he should have filed his bill of exceptions, and there would have then been matter on record to support his writ of error. If judgment went by default, exceptions would lie also to the assess ment of damages.
The only remedy the plaintiff in error now has, is by petition to this Court for a new trial. If, in such case, the promisee will not release his claim upon the note, we shall grant a new trial; but if he will release, there will be no occasion to reverse the former judg ment, since the now plaintiff in error will have sustained no damage

Judgment affirmed